ALAN J. LAZARUS (State Bar No. 129767)
KRISTA L. COSNER (State Bar No. 213338)
DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, California 94105
Telephone: (415) 591-7500
Facsimile: (415) 591-7510

Attorneys for Defendant
SMITHKLINE BEECHAM CORPORATION dba
GLAXOSMITHKLINE

FILED
2008 APR 18 PM 4:31
CLERK U.S. DISTRICT COURT
CENTRAL DIST. O. CALIF.
LOS ANGELES
BY _____

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

DEBORAH WILLIAMS, an individual; LEO PALLANCK, an individual; JOHN BRIGHT, an individual; LINDA BURGESS, an individual; GORDON T. COLE, an individual; EDWARD DELL, an individual; ELIZABETH HUERTA, an individual; SHIRLEY LOEFFLER, an individual; TERRY BEASLEY, an individual; RHONDA ROBINSON, an individual; ROY WADE SCOTT, an individual; PAULA SPECK, an individual; CHRISTINA STEARLE, an individual; RAYMOND THOMAS; an individual; JOHNNIE TOMES, an individual; FRANK TREVINO, an individual; JULIUS TUCK, an individual; SONDRA VAUGHAN, an individual; LYNN WHITE, an individual; ROMAN WHITMORE, an individual; JULIE AUSTIN, an individual;

Plaintiffs,

v.

GLAXOSMITHKLINE, a corporation; SMITHKLINE BEECHAM CORPORATION, a corporation; McKESSON CORPORATION, a corporation; and DOES 1 through 100, Inclusive,

Defendants.

Case No.

CV08-02596 RGK (RCx)

NOTICE OF REMOVAL AND REMOVAL ACTION UNDER 28 U.S.C. § 1441(B) (DIVERSITY) and 28 U.S.C. § 1441(C) (FEDERAL QUESTION) OF DEFENDANT SMITHKLINE BEECHAM CORPORATION dba GLAXOSMITHKLINE

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SF1/398762

## TO THE CLERK OF THE COURT:

Defendant Smithkline Beecham Corporation dba GlaxoSmithKline (incorrectly sued as GlaxoSmithKline, a corporation, and SmithKline Beecham Corporation, a corporation) ("GSK"), hereby removes to this court the state action described below. Removal is warranted under 28 U.S.C. § 1441 because this is an action over which this Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1332 when improperly joined parties are ignored or severed.

## I.   BACKGROUND

1.   On April 17, 2008, plaintiffs Deborah Williams, Leo Pallanck, John Bright, Linda Burgess, Gordon T. Cole, Edward Dell, Elizabeth Huerta, Shirley Loeffler, Terry Beasley, Rhonda Robinson, Roy Wade Scott, Paula Speck, Christina Stearle, Raymond Thomas, Johnnie Tomes, Frank Trevino, Julius Tuck, Sondra Vaughan, Lynn White, Roman Whitmore and Julie Austin ("Plaintiffs"), commenced this action in the Superior Court of the State of California for the County of Los Angeles. A true and correct copy of the Complaint in the action is attached hereto as Exhibit "A"

2.   Neither defendant has been served with Plaintiffs' Complaint.

3.   Defendant GSK filed its answer to Plaintiffs' Complaint on April 18, 2008. A true and correct copy of the Answer is attached hereto as Exhibit "B". There have been no additional proceedings in the state court action. *See* Declaration of Krista L. Cosner in Support of Notice of Removal and Removal Action under 28 U.S.C. § 1441(b) (Diversity) and 28 U.S.C. § 1441(c) (Federal Question) of defendant SmithKline Beecham Corporation dba GlaxoSmithKline (hereinafter "Cosner Decl."), ¶2, attached hereto as Exhibit "C".

4.   This is one of many cases that have been filed recently in both federal and state court across the country involving the prescription drug Avandia®. *See* Exh. C, ¶3.

5.   On October 16, 2007, the Judicial Panel on Multidistrict Litigation ("JPML") issued an order directing that then-pending Avandia-related cases be transferred and coordinated for pretrial proceedings in the United States District Court for

the Eastern District of Pennsylvania, before the Honorable Cynthia M. Rufe, pursuant to 28 U.S.C. § 1407. *See* Transfer Order, *In re Avandia Marketing, Sales Practices and Products Liability Litigation*, MDL 1871 (E.D. Pa.) (a true and correct copy of which is attached as Exhibit "D". Additional Avandia-related cases pending in federal court, which are common to the actions previously transferred to the Eastern District of Pennsylvania and assigned to Judge Rufe, are treated as potential tag-along actions. *See id.; see also* Rules 7.4 and 7.5, R.P.J.P.M.L. 199 F.R.D. 425, 435-36 (2001). GSK intends to seek the transfer of this action to that Multidistrict Litigation, *In re Avandia Marketing, Sales Practices and Products Liability Litigation*, MDL 1871, and shortly will provide the JPML with notice of this action pursuant to the procedure for "tag along" actions set forth in the rules of the JPML. *See* Exh. C, ¶ 4.

6.    As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because GSK has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1332.

## II.    DIVERSITY JURISDICTION

7.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and is between citizens of different states when the citizenship of McKesson Corporation is ignored. As discussed more fully below, McKesson's citizenship must be ignored because it has not been "properly joined and served" and is otherwise fraudulently joined.

### A.    Diversity Of Citizenship

8.    The Complaint names twenty-one individual plaintiffs. *See* Exh. A, ¶¶ 2-22:

a.    Plaintiff Deborah Williams alleges she is a resident of the State of California. Accordingly, at the time this action was commenced, she was a citizen of the State of California. *Id.* at ¶ 2.

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

b.    Plaintiff Leo Pallanck alleges he is a resident of the State of California. Accordingly, at the time this action was commenced, he was a citizen of the State of California. *Id.* at ¶ 3.

c.    Plaintiff John Bright alleges he is a resident of the State of Colorado. Accordingly, at the time this action was commenced, he was a citizen of the State of Colorado. *Id.* at ¶ 4.

d.    Plaintiff Linda Burgess alleges she is a resident of the State of Arizona. Accordingly, at the time this action was commenced, she was a citizen of the State of Arizona. *Id.* at ¶ 5.

e.    Plaintiff Gordon T. Cole alleges he is a resident of the State of Wisconsin. Accordingly, at the time this action was commenced, he was a citizen of the State of Wisconsin. *Id.* at ¶ 6.

f.    Plaintiff Edward Dell alleges he is a resident of the State of New Hampshire. Accordingly, at the time this action was commenced, he was a citizen of the State of New Hampshire. *Id.* at ¶ 7.

g.    Plaintiff Elizabeth Huerta alleges she is a resident of the State of Nevada. Accordingly, at the time this action was commenced, she was a citizen of the State of Nevada. *Id.* at ¶ 8.

h.    Plaintiff Shirley Loeffler alleges she is a resident of the State of Minnesota. Accordingly, at the time this action was commenced, she was a citizen of the State of Minnesota. *Id.* at ¶ 9.

i.    Plaintiff Terry Beasley alleges he is a resident of the State of Texas. Accordingly, at the time this action was commenced, he was a citizen of the State of Texas. *Id.* at ¶ 10.

j.    Plaintiff Rhonda Robinson alleges she is a resident of the State of Kansas. Accordingly, at the time this action was commenced, she was a citizen of the State of Kansas. *Id.* at ¶ 11.

k.    Plaintiff Roy Wade Scott alleges he is a resident of the State of Tennessee. Accordingly, at the time this action was commenced, he was a citizen of the State of Tennessee. *Id.* at 12.

l.    Plaintiff Paula Speck claims she is a resident of the State of Ohio. Accordingly, at the time this action was commenced, she was a citizen of the State of Ohio. *Id.* at ¶ 13.

m.    Plaintiff Christina Stearle alleges she is a resident of the State of Michigan. Accordingly, at the time this action was commenced, she was a citizen of the State of Michigan. *Id.* at ¶ 14.

n.    Plaintiff Raymond Thomas alleges he is a resident of the State of Texas. Accordingly, at the time this action was commenced, he was a citizen of the State of Texas. *Id.* at ¶ 15.

o.    Plaintiff Johnnie Tomes alleges he is a resident of the State of Kentucky. Accordingly, at the time this action was commenced, he was a citizen of the State of Kentucky. *Id.* at ¶ 16.

p.    Plaintiff Frank Trevino alleges he is a resident of the State of Texas. Accordingly, at the time this action was commenced, he was a citizen of the State of Texas. *Id.* at ¶ 17.

q.    Plaintiff Julius Tuck alleges he is a resident of the State of Alabama. Accordingly, at the time this action was commenced, he was a citizen of the State of Alabama. *Id.* at ¶ 18.

r.    Plaintiff Sondra Vaughan alleges she is a resident of the State of Missouri. Accordingly, at the time this action was commenced, she was a citizen of the State of Missouri. *Id.* at ¶ 19.

s.    Plaintiff Lynn White alleges she is resident of the State of Missouri. Accordingly, at the time this action was commenced, she was a citizen of the State of Missouri. *Id.* at ¶ 20.

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

t.     Plaintiff Roman Whitmore alleges he is a resident of the State of New York. Accordingly, at the time this action was commenced, he was a citizen of the State of New York. *Id.* at ¶ 21.

u.     Plaintiff Julie Austin alleges she is a resident of the State of Michigan. Accordingly, at the time this action was commenced, she was a citizen of the State of Michigan. *Id.* at ¶ 22.

9.     GSK is, and was at the time Plaintiffs commenced this action, a corporation organized under the laws of the Commonwealth of Pennsylvania with its principal place of business in Philadelphia, Pennsylvania, and therefore, is a citizen of Pennsylvania for purposes of determining diversity. 28 U.S.C. § 1332(c)(1). *See* Exh. C, ¶ 5.

10.     For the reasons set forth below, the remaining named defendant – McKesson Corporation, a Delaware corporation, with its principal place of business in San Francisco, California – has not been "properly joined and served," and is otherwise fraudulently joined. *See* Declaration of Greg Yonko paragraph 3, attached hereto as Exhibit "E". Therefore, its citizenship must be ignored for the purpose of determining the propriety of removal.[1] *See McCabe v. General Foods*, 811 F.2d 1336, 1339 (9th Cir. 1987); *Waldon v. Novartis Pharmaceuticals Corp.*, 2007 U.S. Dist. LEXIS 45809 (N.D. Cal. June 18, 2007).

B.     <u>The Amount In Controversy Requirement Is Satisfied</u>

11.     It is apparent on the face of the Complaint that Plaintiffs seek an amount in controversy in excess of $75,000, exclusive of costs and interest.

12.     Plaintiffs allege that as a result of "Defendants' misconduct, Plaintiffs have suffered from a number of cardiovascular injuries included [sic], but not limited to, heart attacks and congestive heart failure." *See* Exh. A, ¶ 54.

13.     Plaintiffs seek to recover general damages; past and future medical

---

[1] GSK notes that the citizenship of the California plaintiffs is not diverse from that of McKesson. However, as set forth, the citizenship of McKesson must be ignored because McKesson is a fraudulently joined defendant. When McKesson's citizenship is disregarded, there is complete diversity of citizenship.

expenses; special damages; as well as punitive and exemplary damages. *See* Exh. A, Prayer for Relief, ¶ 79.

14.    Punitive damages are included in the calculation of the amount in controversy. *See Bell v. Preferred Life Assurance Society*, 320 U.S. 238, 240 (1943).

15.    Given the allegations set forth above, the face of the Complaint makes clear that Plaintiffs seek an excess of $75,000, exclusive of interest and costs. *See Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002).

**C.    The Citizenship of McKesson Must Be Ignored Because McKesson Has Not Been Properly Joined and Served**

16.    Although McKesson, as a citizen of California, is a forum defendant, the limitation on removal of cases involving forum defendants in 28 U.S.C. § 1441(b) is not an impediment to removal in this case.

17.    Under 28 U.S.C. § 1441(b), an action is removable only if none of the parties in interest, *properly joined and served* as defendants, is a citizen of the State in which such action is brought. 28 U.S.C. § 1441(b) (emphasis added).

18.    McKesson has not yet been served with the Complaint in this case. *See* Exh. C, ¶7.

19.    Accordingly, because McKesson has neither been properly joined nor served, it is appropriate that this action be removed to this Court. *See Waldon v. Novartis Pharmaceuticals Corp.*, 2007 U.S. Dist. LEXIS 45809 (N.D. Cal. June 18, 2007); *see also* 28 U.S.C. § 1441(b).

**D.    The Citizenship Of McKesson Must Be Ignored Because McKesson Is Fraudulently Joined**

20.    A defendant is fraudulently joined, and its presence in the lawsuit is ignored for purposes of determining diversity, "if the plaintiff fails to state a cause of action against the resident defendant, and the failure is obvious according to the settled rules of the state." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001); *see also Hamilton Materials, Inc. v. Dow Chemical Corporation*, 494 F.3d 1203, 1206 (9th Cir. 2007).

21. McKesson is fraudulently joined because Plaintiffs have failed to make any material allegations against it. *See Brown v. Allstate Ins. Co.*, 17 F. Supp. 2d 1134, 1137 (S.D. Cal. 1998) (finding in-state defendants fraudulently joined where "no material allegations against [the in-state defendants] are made").

22. In the body of the Complaint, Plaintiffs assert claims of: (1) negligence; (2) strict products liability – failure to warn; (3) breach of express warranty; (4) breach of implied warranty; (5) negligent misrepresentation; and (6) fraud.

23. Plaintiffs' claims are substantively based on the design and manufacture of Avandia, the adequacy of pre-clinical testing and post-marketing surveillance, failure to warn, fraudulent concealment, and misrepresentation. As a wholesale distributor of Avandia, McKesson played no role whatsoever in its promotion, marketing or advertising. All McKesson did was pass along unopened boxes of Avandia, in unadulterated form, to hospitals and other businesses in the healthcare industry. *See* Exh. E, ¶¶ 6-7.[2]

24. Notably, Plaintiffs fail to allege that they ingested Avandia that was distributed by McKesson, compelling the conclusion that Plaintiffs have fraudulently joined McKesson in an attempt to defeat diversity jurisdiction.[3]

_____

[2] The Declaration of McKesson's representative, Greg Yonko may be considered by the Court in determining whether McKesson is fraudulently joined. *Maffei v. Allstate California Ins. Co.*, 412 F. Supp. 2d 1049 (E.D. Cal. 2006) ("[t]he court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available") (citing *Lewis v. Time, Inc.*, 83 F.R.D. 455 (E.D. Cal. 1979) ("it is well settled that upon allegations of fraudulent joinder...federal courts may look beyond the pleadings to determine if the joinder...is a sham or fraudulent device to prevent removal")); *see also Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318-19 (9th Cir. 1998) (evidence may be presented by the removing party that there is no factual basis for the claims pleaded against the local defendant).

[3] In addition, Plaintiffs allege that "[a]t all times material to this action, the GSK Defendants developed, manufactured, marketed, promoted, sold and/or distributed Avandia," Exh. A., at ¶ 27; that GSK knew of Avandia-related dangers and failed to adequately warn and disclose to consumers, physicians, or the public, *id.* at ¶ 46; and that GSK concealed and misrepresented Avandia's risks, *id.* at ¶ 48. Yet, Plaintiffs also purport to assert that McKesson was privy to information and "packaged, distributed, supplied, sold, placed into the stream of commerce, labeled, described, marketed, advertised, promoted and purported to warn or inform consumers regarding . . . [Avandia's risks]." *Id.* at ¶¶ 31, 49-51. These allegations are inconsistent and contradictory, and courts have frequently viewed such inconsistencies as evidence of fraudulent joinder. *See Baisden v. Bayer Corp.*, 275 F. Supp. 2d 759, 762-63 (S.D. W.Va. 2003).

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

25.    Further, based on the "learned intermediary" doctrine, McKesson bore no duty to warn Plaintiffs. The "learned intermediary" doctrine, the foundation of prescription drug product liability law, provides that the duty to warn about a drug's risks runs from the manufacturer to the physician (the "learned intermediary"), and then from the physician to the patient. *See Brown v. Superior Court (Abbott Labs.)*, 44 Cal. 3d 1049, 1061-62, n.9 (1988); *Carlin v. Superior Court (Upjohn Co.)*, 13 Cal. 4th 1104, 1116 (1996). It is the physician, and only the physician, who is charged with prescribing the appropriate drug and communicating the relevant risks to the patient. *See Brown*, 44 Cal. 3d at 1061-62.

26.    GSK and the FDA prepared the information to be included with the prescription drug, Avandia, with the FDA having final approval of the information that could be presented. Once the FDA has determined the form and content of the information, it is a violation of federal law to augment the information. *See* 21 U.S.C. § 331(k) (prohibiting drug manufacturers and distributors from causing the "alteration, mutilation, destruction, obliteration, or removal of the whole or any part of the labeling" of an FDA-approved drug held for sale); *Brown v. Superior Court*, 44 Cal. 3d 1049, 1069 n.12 (noting that the FDA regulates the testing, manufacturing, and marketing of drugs, including the content of their warning labels). Therefore, any safety and warning information McKesson had about Avandia would have come from GSK in the form of FDA-approved packaging and labeling. McKesson could not change the labeling it was given by GSK as approved by the FDA without violating federal law. No duty can be found where it requires a party to violate the law to fulfill it.

27.    As such, given the lack of a causal connection between the injuries alleged by Plaintiffs and McKesson's conduct, as well as the absence of any legal or factual basis for Plaintiffs' claims against McKesson, McKesson's joinder is fraudulent and its citizenship should be ignored for purposes of determining the propriety of removal.

III.    **FEDERAL QUESTION JURISDICTION**

28.    This Court has federal question jurisdiction over Plaintiffs' claims under 28

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

U.S.C. § 1331 and the principles set forth in *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 125 S. Ct. 2363 (2005).

29. As more fully explained below, Plaintiffs have made violations of federal law critical elements of several of their claims.

A. <u>Plaintiffs' Claims Require Construction And Application Of The FDCA And Its Implementing Regulations</u>

30. Plaintiffs' First Cause of Action, "Negligence," Second Cause of Action, "Strict Product Liability – Failure to Warn," Third Cause of Action, "Breach of Express Warranty," and Fifth Cause of Action, "Negligent Misrepresentation," each require construction and application of the Federal Food, Drug and Cosmetic Act ("FDCA") and implementing federal regulations, which govern approval of prescription drugs and regulate prescription drug manufacturers' public and promotional statements, including all aspects of warnings and labeling. *See* Exh. A.

31. As a currently-marketed prescription drug, Avandia is subject to extensive regulation by the FDA. The FDCA requires the FDA to ensure that "drugs are safe and effective" for their intended uses, 21 U.S.C. § 393(b)(2)(B), in part by "promptly and officially reviewing clinical research and taking appropriate action on the marketing of regulated products." 21 U.S.C. § 393(b)(1). The Secretary of the FDA has the authority to promulgate regulations to enforce the FDCA, which are codified in the *Code of Federal Regulations*, 21 C.F.R. § 200, *et seq. See* 21 U.S.C. § 371(a).

32. To accomplish its purpose, the FDA maintains a Center for Drug Evaluation and Research (the "CDER"). The CDER regulates pharmaceutical companies' development, testing and research, and manufacture of drugs. The CDER examines data generated by these companies to conduct a risk/benefit analysis and make an approval decision. The CDER also ensures truthful advertising for prescription drugs, in part by approving Package Inserts that properly outline benefit and risk information. Once drugs are marketed, the CDER continues to monitor them for unexpected health risks that may require public notification, a change in labeling, or removal of the product

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SF1\398762\1

NOTICE OF REMOVAL AND REMOVAL 10 CASE NO.

from the market. In short, the CDER evaluates and monitors the effectiveness and safety of prescription drugs. *See* http://www.fda.gov/cder/about/faq/default.htm.

33.    Promotional communications to physicians about Avandia are contained within, and restricted by, warning, labeling, and promotional materials, such as the Package Insert, that are approved and monitored by the FDA to ensure the provision of accurate information about the drug's respective risks and benefits. Under federal regulations, even claims in promotional labeling or advertising must be consistent with approved labeling. 21 C.F.R. § 202.1(e)(4) (2005).

34.    The FDA's responsibility to regulate prescription drugs sold in the United States, and to enforce laws with respect to such drugs, inclusive of the precise content and format of prescription drug labeling (*e.g.*, the instructions, warning, precautions, adverse reaction information provided by manufacturers, and marketing materials), is plenary and exclusive. *See* 21 U.S.C. § 301, *et seq.*

35.    Plaintiffs have made alleged violations of federal law a critical element of their claims. Accordingly, Plaintiffs' claims necessarily raise substantial federal questions by requiring the Court to construe and apply the FDCA and its implementing regulations.

**B.    Federal Control Of Drug Labeling And Warning**

36.    On January 24, 2006, the FDA announced a rule that includes a detailed and emphatic statement of the FDA's intention that its regulation and approval of prescription drug labeling preempt most state law claims related to the adequacy of prescription drug warnings because such claims frustrate "the full objectives of the Federal law." *See* Requirements on Content and Format of Labeling for Human Prescription Drug and Biologic Products, 71 Fed. Reg. 3922, 3934 (Jan. 24, 2006) ("FDA believes that under existing preemption principles, FDA approval of labeling under the act. . . . preempts conflicting or contrary State law."); *see also In re Bextra and Celebrex Marketing*, 2006 WL 2374742 (N.D. Cal. Aug. 16, 2006) (Celebrex decision); *In re Bextra and Celebrex Marketing*, 2006 WL 2472484 (N.D. Cal. Aug. 24, 2006) (Bextra

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

NOTICE OF REMOVAL AND REMOVAL                         11                              CASE NO.

decision).

37.    Plaintiffs allege that defendants failed to disclose certain risks of Avandia. *See e.g.*, Exh. A, ¶ 53. This allegation necessarily requires Plaintiffs to establish that the FDA, which has exclusive jurisdiction over the labeling of drugs, would have approved the warning the Plaintiffs allege should have been given.

38.    Accordingly, there is a substantial federal question with respect to whether Plaintiffs can claim that GSK violated state law in light of the FDA's control of Avandia's labeling and warning and its position on conflict preemption.

**C.    The Federal Interest In Providing A Forum**

39.    The federal government has a strong interest in having a federal court decide several of the issues in this case. Among these issues are:

   a.    whether any conduct of GSK violated any federal laws or regulations related to the labeling and marketing of Avandia; and

   b.    whether the FDA-approved Avandia label was false and misleading, as alleged by Plaintiffs, and whether a state may impose liability on GSK for not providing more information regarding alleged risks, as Plaintiffs contend GSK should have done.

40.    Plaintiffs' claims may be vindicated or defeated only by construction of federal statutes and regulations. The availability of a federal forum to protect the important federal interests at issue is therefore consistent with *Grable*, and determination by a federal court of the substantial and disputed federal issues that lie at the heart of this case would not "disturb any congressionally approved balance of federal and state judicial responsibilities." *Grable*, 125 S. Ct. at 2368.

**IV.    CONFORMANCE WITH PROCEDURAL REQUIREMENTS**

41.    This Court has jurisdiction over this matter based on federal question and diversity of citizenship, and the present lawsuit may be removed from the Superior Court of the State of California for the County Los Angeles, and brought before the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1331,

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

1332 and 1441.

42. Neither GSK nor McKesson has been served with Plaintiffs' Complaint. Exh. C ¶3. Therefore, this Removal has been timely filed. *See* 28 U.S.C. § 1446(b).

43. Since neither GSK nor McKesson has been "properly joined and served" at the time of filing this Removal, GSK is entitled to removal under the plain language of 28 U.S.C. § 1441(b). *See Waldon v. Novartis Pharmaceuticals Corp.*, 2007 U.S. Dist. LEXIS 45809 (N.D. Cal. June 18, 2007); *see also* 28 U.S.C. § 1441(b); Cosner Decl., ¶ 3.

44. Moreover, although McKesson's consent to remove is not necessary because it is fraudulently joined, McKesson nonetheless consents to removal. *See* Cosner Decl., ¶ 11; *see also, e.g., Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988)).

45. The United States District Court for the Central District of California is the federal judicial district encompassing the Superior Court of the State of California for the County of Los Angeles, where this suit was originally filed. Venue therefore is proper in this district under 28 U.S.C. § 1441(a).

46. Pursuant to the provisions of 28 U.S.C § 1446(d), GSK will promptly file a copy of this Notice of Removal with the clerk of the Superior Court of the State of California for the County of Los Angeles, where this suit was originally filed.

47. GSK reserves the right to amend or supplement this Notice of Removal.

**WHEREFORE**, GSK respectfully removes this action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California, pursuant to 28 U.S.C. § 1441.

Dated: April 18, 2008

DRINKER BIDDLE & REATH LLP

ALAN J. LAZARUS
KRISTA L. COSNER

Attorneys for Defendant
SMITHKLINE BEECHAM
CORPORATION dba
GLAXOSMITHKLINE

# EXHIBIT
# A

SHAWN KHORRAMI, ESQ., SBN 180411
JAMES KENNA, ESQ., SBN 209961
BAHAR DEJBAN, ESQ., SBN 240135
LAW OFFICES OF SHAWN KHORRAMI
444 South Flower Street, 33rd Floor
Los Angeles, CA 90071
Tel: (213) 596-6000
Fax: (213) 596-6010

BRIAN KABATECK, ESQ., SBN 152054
RICHARD KELLNER, ESQ., SBN 171416
KABATECK BROWN KELLNER
644 South Figueroa Street
Los Angeles, CA 90017
Telephone: (213) 217-5000
Facsimile:  (213) 217-5010

Attorneys for Plaintiffs

FILED
LOS ANGELES SUPERIOR COURT

APR 1 7 2008

JOHN A. CLARKE, CLERK
BY MARY GARCIA, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF LOS ANGELES

DEBORAH WILLIAMS, an individual; LEO PALLANCK, an individual; JOHN BRIGHT, an individual; LINDA BURGESS, an individual; GORDON T. COLE, an individual; EDWARD DELL, an individual; ELIZABETH HUERTA, an individual; SHIRLEY LOEFFLER, an individual; TERRY BEASLEY, an individual; RHONDA ROBINSON, an individual; ROY WADE SCOTT, an individual; PAULA SPECK, an individual; CHRISTINA STEARLE, an individual; RAYMOND THOMAS, an individual; JOHNNIE TOMBS, an individual; FRANK TREVINO, an individual; JULIUS TUCK, an individual; SONDRA VAUGHAN, an individual; LYNN WHITE, an individual; ROMAN WHITMORE, an individual; JULIE AUSTIN, an individual;

Plaintiffs

v.

GLAXOSMITHKLINE, a corporation; SMITHKLINE BEECHAM CORPORATION, a corporation; McKESSON CORPORATION, a corporation; and DOES 1 through 100, Inclusive,

Defendants

Case No.  BC 389299

COMPLAINT FOR DAMAGES BASED ON:

1.  NEGLIGENCE
2.  STRICT PRODUCT LIABILITY - FAILURE TO WARN
3.  BREACH OF EXPRESS WARRANTY
4.  BREACH OF IMPLIED WARRANTY
5.  NEGLIGENT MISREPRESENTION
6.  FRAUD

DEMAND FOR JURY TRIAL

1

**COMPLAINT FOR DAMAGES**

Plaintiffs hereby allege as follows:

## INTRODUCTION

1. This case involves the prescription drug Rosiglitazone, which is manufactured, sold, distributed, promoted, labeled, marketed, and advertised by Defendants, and each of them, under the trade names of Avandia, Avandamet and Avandaryl (hereinafter collectively referred to as "Avandia"). Avandia is a member of a class of drugs known as Thiazolidinediones (TZD's) and is used in the treatment of persons with Type 2 Diabetes. Defendants negligently and intentionally misrepresented that Avandia was safe and effective, when in fact it was causing and contributing to serious cardiovascular events, including, but not limited to, heart attacks and congestive heart failure. Plaintiffs all ingested Avandia and suffered injury as a result.

## PARTIES AND JURISDICTION

### PLAINTIFFS

2. DEBORAH WILLIAMS is a resident of Pomona, California, who consumed Avandia and suffered an injury as a result.

3. LEO PALLANCK is a resident of Pioneer, California, who consumed Avandia and suffered an injury as a result.

4. JOHN BRIGHT is a resident of Golden, Colorado, who consumed Avandia and suffered an injury as a result.

5. LINDA BURGESS is a resident of Goodyear, Arizona, who consumed Avandia and suffered an injury as a result.

6. GORDON T. COLE is a resident of Strum, Wisconsin, who consumed Avandia and suffered an injury as a result.

7. EDWARD DELL is a resident of West Peterborough, New Hampshire, who consumed Avandia and suffered an injury as a result.

8. ELIZABETH HUERTA is a resident of Las Vegas, Nevada, who consumed Avandia and suffered an injury as a result.

9. SHIRLEY LOEFFLER is a resident of Pennock, Minnesota, who consumed Avandia and suffered an injury as a result.

2

COMPLAINT FOR DAMAGES

10.    TERRY BEASLEY is a resident of Liverpool, Texas , who consumed Avandia and suffered an injury as a result.

11.    RHONDA ROBINSON is a resident of Wichita, Kansas, who consumed Avandia and suffered an injury as a result.

12.    ROY WADE SCOTT is a resident of Alexandria, Tennessee, who consumed Avandia and suffered an injury as a result.

13.    PAULA SPECK is a resident of Kenton, Ohio, who consumed Avandia and suffered an injury as a result.

14.    CHRISTINA STEARLE is a resident of Brighton, Michigan, who consumed Avandia and suffered an injury as a result.

15.    RAYMOND THOMAS is a resident of Houston, Texas, who consumed Avandia and suffered an injury as a result.

16.    JOHNNIE TOMES is a resident of Madisonville, Kentucky, who consumed Avandia and suffered an injury as a result.

17.    FRANK TREVINO is a resident of Kyle, Texas, who consumed Avandia and suffered an injury as a result.

18.    JULIUS TUCK is a resident of Kellyton, Alabama, who consumed Avandia and suffered an injury as a result.

19.    SONDRA VAUGHAN is a resident of Huntsville, Missouri , who consumed Avandia and suffered an injury as a result.

20.    LYNN WHITE is a resident of Stratford, Iowa, who consumed Avandia and suffered an injury as a result.

21.    ROMAN WHITMORE is a resident of Binghamton, New York, who consumed Avandia and suffered an injury as a result.

22.    JULIE AUSTIN is a resident of Swartz Creek, Michigan, who consumed Avandia and suffered an injury as a result.

## DEFENDANTS

23.    Defendants GLAXOSMITHKLINE CORPORATION, SMITHKLINE

3

COMPLAINT FOR DAMAGES

BEECHAM CORPORATION and SMITHKLINE BEECHAM CORPORATION DBA GLAXOSMITHKLINE, hereinafter referred to collectively as "GSK Defendants", are Pennsylvania corporations doing business in the State of California.

24. The GSK Defendants are, and at all times material to this action were, authorized to do business, and engaged in business in the State of California. The GSK defendants derive substantial revenue from goods consumed within the State of California.

25. The GSK Defendants include any and all parents, subsidiaries, affiliates, divisions, franchises, partners, joint venturers and organizational units of any kind, their predecessors, successors and assigns and their present officers, directors, employees, agents, representatives and other persons acting on their behalf.

26. Plaintiffs are informed and believe, and based thereon allege, that in committing the acts alleged herein, each and every managing agent, agent, representative and/or employee of the defendants was working within the course and scope of said agency, representation and/or employment with the knowledge, consent, ratification, and authorization of the Defendants and its directors, officers and/or managing agents.

27. At all times material to this action, the GSK Defendants developed, manufactured, marketed, promoted, sold and/or distributed Avandia in the stream of commerce and in the State of California and the rest of the country.

28. Defendant MCKESSON is, and at all times material to this action was, a corporation organized, existing and doing business under and by virtue of the laws of the State of Delaware, with its principle place of business in San Francisco, California. MCKESSON is, and at all times material to this action was, authorized to do business, and was engaged in substantial commerce and business under the laws of the State of California.

29. Defendant MCKESSON includes any and all parents, subsidiaries, affiliates, divisions, franchises, partners, joint venturers and organizational units of any kind, their predecessors, successors and assigns and their present officers, directors, employees, agents, representatives and other persons acting on their behalf.

30. Plaintiffs are informed and believe, and based thereon allege, that in committing

4

COMPLAINT FOR DAMAGES

the acts alleged herein, each and every managing agent, agent, representative and/or employee of Defendant MCKESSON was working within the course and scope of said agency, representation and/or employment with the knowledge, consent, ratification and authorization of the defendant and its directors, officers and/or managing agents.

31.    At all times relevant to this action, Defendant MCKESSON packaged, distributed, supplied, sold, placed into the stream of commerce, labeled, described, marketed, advertised, promoted and purported to warn or to inform users regarding the risks pertaining to, and assuaged concerns about the pharmaceutical Avandia.

32.    The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants named herein as DOES 1 through 500, and each of them, are unknown to Plaintiffs, who therefore, sues said Defendants bu such fictitious names.

33.    Plaintiffs will ask leave to amend this Complaint to state said Defendants' true identities and capacities when the same has been ascertained.

34.    Plaintiffs are informed and believe and based thereupon allege that each of the Defendants designated herein as DOE took part in and participated with the Defendants in all matters referred to herein and was in some manner responsible for the injuries and losses suffered by the Plaintiff.

35.    Plaintiffs are informed and believe and based thereupon allege that at all times herein mentioned each of the Defendants was the agent, servant and/or employee or occupied other relationships with each of the other named Defendants and at all times herein mentioned acted within the course and scope of said agency and/or employment and/or other relationship and each other Defendant has ratified, consented to, and approved the acts of his agents, employees, and representatives, and that each actively participated in, aided and abetted, or assisted one another in the commission of the wrongdoing alleged in this Complaint.

## JURISDICTION AND VENUE

36.    The California Superior Court has jurisdiction over this action pursuant to California Constitution Article VI, Section 10, which grants the Superior Court "original jurisdiction in all causes except those given by statute to other trial courts." The Statutes under

5

COMPLAINT FOR DAMAGES

which this action is brought do not specify any other basis for jurisdiction.

37.    The California Superior Court has jurisdiction over all Defendants because, based on information and belief, each is a corporation and/or entity and/or person organized under the laws of the State of California, a foreign corporation or association authorized to do business in California and registered with the California Secretary of State or that has sufficient minimum contacts in California, is a citizen of California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

38.    Furthermore the GSK Defendants and MCKESSON have purposefully availed themselves of the benefits and the protections of the laws within the State of California.. Defendant MCKESSON has its principle place of business within the state. The GSK Defendants and MCKESSON have had sufficient contact such that the exercise of jurisdiction would be consistent with the traditional notions of fair play and substantial justice.

39.    Venue is proper in this court pursuant to California Code of Civil Procedure Section 395 in that one or more of the Plaintiffs resides within Los Angeles County and suffered an injury in Los Angeles County.

40.    Plaintiffs each individually seek relief that is within the jurisdictional limits of the court.

## GENERAL ALLEGATIONS APPLICABLE TO ALL CAUSES OF ACTION

41.    The pharmaceutical drug at issue in this litigation is "Avandia" which also comes in combination with metformin and glimepiride as "Avandamet" and "Avandaryl" respectively. These three will collectively be referred to as "Avandia".

42.    Avandia received FDA approval for the treatment of Type 2 Diabetes in 1999. Since, Avandia has been prescribed to approximately six million people in the United States and was the GSK Defendants' second largest selling drug. In 2006, U.S. sales of Avandia were over $2 billion.

43.    The GSK Defendants were aware that consumption of Avandia increased the risk

6

COMPLAINT FOR DAMAGES

of adverse cardiovascular events but failed to warn patients, physicians or the public in general.

44. In 2005 the GSK Defendants performed an analysis of multiple Avandia trials, known as a "Meta-Analysis" and shared the preliminary results with the FDA in September 2005. It was not until almost a year later, in August 2006, that the complete results of the Meta-Analysis were provided to the FDA. The results of the GSK Defendants' analysis showed that patients consuming Avandia had a 31% increased risk of adverse cardiovascular events such as heart attacks.

45. In addition to the GSK Defendants' own studies, a number of other studies provided data to the Defendants that increased their knowledge of the dangers posed by Avandia. In May 2007, Dr. Steven E. Nissen, a prominent cardiologist with the Cleveland Clinic, published a study in the New England Journal of Medicine which showed his analysis of 42 Avandia studies consisting of almost 28,000 people. These 42 studies were available in the public literature, the FDA Web site and the clinical trials registry maintained by the GSK Defendants. Dr. Nissen's analysis revealed that those taking Avandia have a 43% higher risk of heart attack than those taking other diabetes medications or no medication at all. Dr. Nissen's analysis also revealed that Avandia users had a 64% increased risk of death from cardiovascular causes.

46. The GSK Defendants' knew of the dangers associated with the consumption of Avandia from the many trials that they performed and to which they had access to, and their own analysis. Despite the GSK Defendants' knowledge of the risks associated with the consumption of Avandia, they did nothing to adequately warn or remedy the defects, and instead concealed the dangers. Even after Dr. Nissen's study, the GSK Defendants' continued to fail to warn and disclose to consumers that Avandia significantly increases the risk of adverse cardiovascular events. It was not until the FDA ordered specific warnings concerning Avandia's risk that the GSK Defendants issued such warnings.

47. On May 21, 2007, the FDA issued a Safety Alert on Avandia showing that there is a potentially significant risk of heart attack and heart related deaths in patients taking Avandia. Approximately one month later, in June 2007, the FDA requested that the GSK Defendants place

7

COMPLAINT FOR DAMAGES

a "black box" warning for Avandia because of the increased risk of heart failure. A few months later, in November 2007, another "black box" warning was added to Avandia because of the increased risk of heart attack associated with its consumption.

48. Prior to 2007, the GSK Defendants knew about the above mentioned risks yet failed to adequately warn Plaintiffs or Plaintiffs' prescribing physicians of the known or reasonably knowable risks and defects in Avandia that can lead to a number of cardiovascular events including, but not limited to, heart attacks, heart failure and death. The GSK Defendants fraudulently concealed these risks and made misrepresentations to the damage and detriment of Plaintiffs.

49. On information and belief, Defendant McKESSON was involved in the Avandia studies and/or received the results of the studies from the GSK Defendants. Therefore, Defendant McKESSON knew or should have known of the risks associated with Avandia identified in the studies.

50. The above mentioned risks were known or available to McKESSON as they are a sophisticated pharmaceutical distributor that should have received and reviewed all of the scientific literature associated with the products that they distribute. Such literature was not available to Plaintiffs.

51. Additionally, Defendant McKESSON knew or should have known of all of the adverse event reports known to the GSK Defendants and those provided to the FDA concerning Avandia. These reports should have made Defendant McKESSON aware of all of the risks associated with Avandia use. Despite McKESSSON's knowledge of these dangers, Defendant McKESSON never warned Plaintiffs, physicians or consumers of these risks and continued to aggressively sell and market Avandia by falsely misleading users as to its safety.

52. Defendants widely marketed Avandia in the United States through advertisements, promotion literature and other promotional materials provided to both physicians and potential Avandia users. These materials sought to create the image that Avandia was safe for human consumption and had fewer side effects than other medications.

53. The Defendants, and each of them, purposely minimized the risks associated with

8

COMPLAINT FOR DAMAGES

Avandia use. The Defendants, by failing to disclose the risk and through these promotional materials, deceived potential users of Avandia by relaying positive information, manipulating statistics and minimizing the serious side effects.

54.    If the Plaintiffs in this action had known about the risks and dangers associated with consumption of Avandia, they would not have taken Avandia and would not have been subjected to its serious side effects.

55.    As a result of the Defendants' misconduct, Plaintiffs have suffered from a number of cardiovascular injuries included, but not limited to, heart attacks and congestive heart failure.

### FRAUDULENT CONCEALMENT

56.    Any applicable statute of limitations have been tolled by the knowing and active concealment and denial of facts as alleged herein by the Defendants. Plaintiffs have been kept in ignorance of vital information essential to the pursuit of these claims, without any fault or lack of diligence on their part. Plaintiffs could not have reasonably discovered the dangerous nature and unreasonable adverse side effects associated with Avandia.

57.    Defendants are and were under a continuing duty to disclose the true character, quality and nature of their drug to Plaintiffs. Because of their concealment of the true character, quality and nature of their antipsychotic medication, Defendants are estopped from relying on any statute of limitations defense.

### FIRST CAUSE OF ACTION
#### Negligence
(Against all Defendants)

58.    Plaintiffs incorporate by reference the allegations in all preceding paragraphs of this Complaint as though fully set forth in this paragraph.

59.    Defendants had a duty to exercise reasonable care in the manufacture, sale, research, development, inspection, labeling, promoting, marketing, and/or distribution of Avandia into the stream of commerce, including a duty to assure that this drug did not cause users to suffer from unreasonable, dangerous side effects.

60.    Defendants failed to exercise ordinary care in the manufacture, sale, testing, quality assurance, quality control, marketing and/or distribution of Avandia into interstate

9

COMPLAINT FOR DAMAGES

commerce, in that Defendant knew or should have known that using Avandia created an increased risk of cardiovascular events yet failed to adequately warn of that increased risk.

61.    Defendants breached their duty to Plaintiffs and were negligent in the licensing, testing, design, manufacture, packaging, warning, advertising, promotion, distribution, and sale of Avandia in that Defendants:

A.    Failed to use ordinary care in designing and manufacturing the Avandia so as to avoid the aforementioned risks to Plaintiffs;

B.    Failed to accompany Avandia with proper warnings regarding the possible adverse side effects associated with the use of those drugs and the comparative severity and duration of such adverse effects, i.e., the warnings given did not accurately reflect the symptoms, scope or severity of the side effects;

C.    Failed to conduct adequate pre-clinical testing and post-marketing surveillance to determine the safety and side effects of Avandia;

D.    Failed to provide adequate training to medical care providers for appropriate use of Avandia;

E.    Failed to warn Plaintiffs, either directly or indirectly, orally or in writing, about the following:

   (i)    The need for comprehensive, regular monitoring to ensure early discovery of potentially serious cardiovascular events

   (ii)    The possibility of becoming injured, disabled or die as a result of using Avandia.

F.    Failed to adequately test and/or warn about the serious side effects of Avandia;

G.    Failed to include adequate warnings with Avandia that would alert Plaintiffs, physicians, hospitals, and clinics, to the potential risks and the nature, scope, severity, and duration of any serious side effects of Avandia;

10

H.    Continued to promote the efficacy and safety of Avandia while providing little or no warnings, and downplaying any risks, even after Defendants knew of the risks of serious injury and/or death;

I.    Delayed warnings of, and then failed to provide adequate warnings about the serious injuries, which may have dissuaded medical providers from prescribing Avandia and deprived medical providers from weighing the true risks against the benefits of prescribing Avandia; and

J.    Were otherwise careless or negligent.

62.    Despite the fact that Defendants knew or should have known that Avandia caused unreasonably dangerous side effects, Defendants continued and are currently continuing to market, manufacture, distribute and/or sell Avandia to consumers.

63.    Defendants knew or should have known that consumers, such as Plaintiffs, would suffer injury as a result of Defendants' failure to exercise ordinary care as described above.

64.    Plaintiffs are entitled to punitive damages because the Defendants' failure to warn was reckless and without regard for the public's safety and welfare. The Defendants misled both the medical community and the public at large, including Plaintiffs, by making false representations about the safety of Avandia. The Defendants downplayed, understated, and disregarded their knowledge of the serious and permanent side effects associated with the use of Avandia despite available information demonstrating that their products were likely to cause serious and potentially fatal side effects to users like Plaintiffs.

65.    As a direct, proximate and legal result of the negligence, carelessness, other wrongdoing and actions of the Defendants described herein, Plaintiffs were, and still are, caused to suffer from severe health problems.

66.    Based upon information and belief, Defendants actually knew of Avandia's defective nature, as set forth herein, but continued, and still continue, to design, manufacture, market and sell the drug so as to maximize sales and profits at the expense fo the health and safety of the public, including Plaintiffs, in conscious disregard of the foreseeable harm caused by the drug.

11

COMPLAINT FOR DAMAGES

67.    Defendants' conduct in the license, design, manufacturing, assembly, packaging, warning, marketing, advertising, promotion, distribution and sale of, including, but not limited to:

A.    Aggressively marketing and promoting Avandia, knowing the high risks posed by failing to conduct sufficient pre-clinical and clinical testing and adequate post-marketing surveillance;

B.    Failing to provide complete literature, instructions, and training to healthcare professionals indicating the proper use of Avandia, and the need for monitoring of patients while on it;

C.    Failing to include adequate warnings with Avandia that would alert consumers, physicians, hospitals, clinics, and other users to the potential risks and the nature, scope, severity, and duration of any serious side effects of the drug, particularly, the risk of serious cardiovascular events;

D.    Continuing to promote the efficacy and safety of the drug, while providing little or no warnings, and downplaying any risks, even after Defendants knew of the increased risks associated with use of Avandia;

E.    Delaying warnings of the dangerous side effects which may have dissuaded medical providers from prescribing Avandia so freely, and depriving medical providers from weighing the true risks against the benefits of prescribing these drugs, was fraudulent, knowing misconduct, and/or conduct undertaken recklessly and with conscious disregard for the safety of consumers such as the Plaintiffs, such as to constitute despicable conduct, and oppression, fraud and malice, and such conduct was at all times relevant ratified by the corporate Defendants herein, thereby entitling Plaintiffs punitive damages in an amount appropriate to punish and set an example of Defendant.

68.    As a result of Defendants' conduct, Plaintiffs suffered injuries and damages herein.

12

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as set forth herein below.

## SECOND CAUSE OF ACTION
### Strict Product Liability - Failure to Warn
(Against all Defendants)

69.     Plaintiffs incorporate by reference the allegations in all proceeding paragraphs of this Complaint as though fully set forth in this paragraph.

70.     Defendants are the manufacturer and/or supplier of Avandia.

71.     Avandia manufactured and/or supplied by the Defendants was unaccompanied by proper warnings regarding all possible side effects associated with their use and the comparative severity, incidence, and duration of such adverse effects, i.e., the warnings given did not accurately reflect the signs, symptoms, incidence, scope or severity of the side effects.

72.     Defendants failed to perform adequate testing that would have shown that Avandia possessed serious potential side effects with respect to which full and proper warnings accurately and fully reflecting symptoms, scope and severity should have been made, both with respect to the use of this drug.

73.     Avandia manufactured and/or supplied by Defendants was defective due to inadequate post-marketing warnings or instructions because, after the Defendants knew or should have known of the risks of injury from Avandia, they failed to provide adequate warnings to users or consumers of the drug and continued, and still continue, to aggressively promote Avandia.

74.     As a direct, proximate and legal result of the negligence, carelessness, other wrongdoing and actions of Defendants described herein, Plaintiffs have been injured as described above.

75.     Based upon information and belief, Defendants actually knew of the defective nature of Avandia, as set forth herein, but continued, and still continue, to design manufacture, market and sell Avandia so as to maximize sales and profits at the expense of the health and safety of the public including Plaintiffs, in conscious disregard of the foreseeable harm caused by Avandia.

13

COMPLAINT FOR DAMAGES

76. Defendants conduct in the license, design, manufacturing, assembly, packaging, warning, marketing, advertising, promotion, distribution, and sale of Avandia, included, but is not limited to:

A. Aggressively marketing and promoting Avandia, knowing the high risks posed by failing to conduct sufficient pre-clinical and clinical testing and adequate post-marketing surveillance;

B. Failing to provide complete literature, instructions, and training to healthcare professionals indicating the proper use of Avandia, and the need for monitoring patients while on it.

C. Failing to include adequate warnings with Avandia that would alert consumers, physicians, hospitals, clinics and other users to the potential risks and the nature, scope, severity, and duration of any serious side effects of the drug, particularly the risk of serious cardiovascular events;

D. Continuing to promote the efficacy and safety of the drug, while providing little or no warnings, and downplaying any risks, even after Defendants knew of the increased risks associated with Avandia use;

E. Delaying warnings about the dangerous side effects which may have dissuaded medical providers from prescribing Avandia so freely, and depriving medical providers from weighing the true risks against the benefits of prescribing the drug, was fraudulent, knowing misconduct, and/or conduct undertaken recklessly and with conscious disregard for the safety of consumers such as the Plaintiffs, such as to constitute despicable conduct, fraud and malice, and such conduct was at all times relevant ratified by corporate Defendants herein, thereby entitling Plaintiffs to punitive damages in an amount appropriate to punish and set an example of Defendant.

77. Defendants' actions, as described above, were performed willfully, intentionally, and with reckless disregard for the rights of Plaintiffs and the public.

14

COMPLAINT FOR DAMAGES

78.    As a result of Defendants' conduct, Plaintiffs have sustained injuries described above.

79.    Accordingly, Plaintiffs seek and are entitled to compensatory and punitive damages in an amount to be determined at trial.

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as set forth herein below.

### THIRD CAUSE OF ACTION
*Breach of Express Warranty*
(Against All Defendants)

80.    Plaintiffs incorporate by reference the allegations in all preceding paragraphs of this Complaint as though fully set forth in this paragraph.

81.    Defendants, through description, affirmation of fact, and promise relating to Avandia, to the FDA, prescribing physicians, and the general public, including Plaintiffs, expressly warranted that Avandia was safe and well accepted by users.

82.    Avandia does not conform to these express representations because it is not safe as its use produces serious adverse side effects including the risk of serious cardiovascular injuries such as heart attacks and congestive heart failure.

83.    As such, Defendants' product was neither in conformity to the promises, descriptions or affirmations of fact made about the drug nor adequately contained, packaged, labeled or fit for the ordinary purposes for which such goods are used.

84.    Defendants knew or should have known that, in fact, said representations and warranties were false and misleading in that Avandia was not safe and/or fit for its intended use, and in fact resulted in serious injuries to the user.

85.    Plaintiffs relied on the express warranties of the Defendants herein. Members of the medical community, including physicians, and other healthcare professionals, relied upon the representations and warranties of the Defendants for use of Avandia in prescribing, recommending, and/or dispensing the product.

86.    Defendants thereafter breached their express warranties to Plaintiffs by: (i) manufacturing, marketing, packaging, labeling, and selling Avandia to Plaintiffs in such a way

15

COMPLAINT FOR DAMAGES

that misstated the risks of injury, without warning or disclosure thereof by package and label of such risks to Plaintiffs or their prescribing physicians or pharmacists, or without so modifying or excluding such express warranties; (ii) manufacturing, marketing, packaging, labeling, and selling Avandia to Plaintiffs, which failed to counteract their symptoms in a safe and permanent manner and without injury; and (iii) manufacturing, marketing, packaging, labeling, and selling Avandia to Plaintiffs., thereby causing injury to each.

87. As a direct and proximate result of Defendants' conduct the Plaintiffs were injured.

88. Plaintiffs are entitled to punitive damages because Defendants' failure to warn was reckless and without regard to their welfare. Defendants misled both the medical community and the public at large, including Plaintiffs, by making false representations about the safety of their product. Defendants downplayed, understated, and disregarded their knowledge of the serious and permanent side effects associated with the use of Avandia, despite available information demonstrating that it was likely to cause serious and sometimes fatal side effects to users.

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as set forth herein below.

### FOURTH CAUSE OF ACTION
#### Breach of Implied Warranty
(Against all Defendants)

89. Plaintiffs incorporate by reference the allegations in all preceding paragraphs of this Complaint as though fully set forth in this paragraph.

90. At the time Defendants marketed, sold, and distributed Avandia, for use by Plaintiffs, Defendants knew of the use for which Avandia was intended and impliedly warranted the drug to be of merchantable quality and safe and fit for its intended use.

91. Defendants impliedly represented and warranted to Plaintiffs, healthcare professionals and the FDA that the Avandia it was supplying was safe and fit for ordinary use.

92. Plaintiffs and members of the medical community relied on Defendants warranties that their product Avandia was of merchantable quality and safe and fit for its

16

COMPLAINT FOR DAMAGES

intended use.

93.    Contrary to such implied warranties, Avandia was not of merchantable quality or safe or fit for its intended use, because it was unreasonably dangerous and unfit for the ordinary purposes for which it was used, as described above.

94.    As a direct, proximate and legal result of Defendants' negligence, carelessness and other wrongdoing described herein, Plaintiffs have sustained severe injuries as described above.

95.    Based upon information and belief, Defendants actually knew of Avandia's defective nature, as set forth herein, but continued to design, manufacture, market, and sell Avandia to maximize sales and profits at the expense of the health and safety of the public, including Plaintiffs in conscious disregard of the foreseeable harm caused by the drug.

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as set forth herein below.

## FIFTH CAUSE OF ACTION
### Negligent Misrepresentation
(Against all Defendants)

96.    Plaintiffs incorporate by reference the allegations in all preceding paragraphs of this Complaint as though fully set forth in this paragraph.

97.    Defendants, having undertaken to prepare, design, research, develop, manufacture, inspect, label, market, promote, and sell Avandia, owed a duty to Plaintiffs and the medical community to provide them accurate and complete information regarding these products.

98.    Defendants failed to disclose, misstated, downplayed, and understated the health hazards and risks associated with the use Avandia. Defendants deceived potential users and prescribers of the drug by relaying only allegedly positive information, while concealing, misstating and downplaying the known adverse and serious health effects.

99.    Defendants knew or were aware or should have known or been aware that Avandia had been insufficiently tested and that it lacked necessary warnings. Defendants were or should have been in possession of evidence demonstrating that their product created a high risk

17

COMPLAINT FOR DAMAGES

of unreasonable, dangerous side effects. Nonetheless, Defendants continued to market Avandia by providing false and misleading information with regard to its safety and efficacy.

100.    Plaintiffs and their doctors justifiably relied to their detriment upon Defendants' positive misrepresentations concerning Avandia.

101.    As a result of Defendants' conduct, Plaintiffs have sustained injuries as described above. Accordingly, Plaintiffs seek and are entitled to compensatory and punitive damages in an amount to be determined at trial.

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them , as set forth herein below.

## SIXTH CAUSE OF ACTION
### Fraud
### (Against all Defendants)

102.    Plaintiffs incorporate by reference the allegations in all preceding paragraphs of this Complaint as though fully set forth in this paragraph.

103.    Defendants, having undertaken to prepare, design, research, develop, manufacture, inspect, label, market, promote and sell Avandia, owed and continue to owe a duty to provide accurate and complete information regarding their products.

104.    Defendant deceptively sought to create the image and impression that the use of Avandia was safe, had no unacceptable side effects, and would not interfere with daily life by intentionally distributing false information to Plaintiffs, the general public, healthcare professionals and the FDA.

105.    The information that was distributed included, but is not limited to, articles, reports, press releases which represented that Avandia was safe for use in the treatment of Type 2 Diabetes.

106.    On information and belief, Plaintiffs aver that the Defendants intentionally concealed, misstated, downplayed, suppressed, and ignored test results that were unfavorable to the Defendants as well as the results that revealed that Avandia was not safe in the treatment of Type 2 Diabetes. Defendants deceived potential users and prescribers of the drug by disseminating only allegedly positive information while concealing, misstating and downplaying

18

COMPLAINT FOR DAMAGES

the known adverse and serious health effects. Defendants falsely and deceptively kept relevant information from potential Avandia users and minimized safety concerns.

107.    These representations were made with the purpose of deceiving and defrauding the public, the FDA and the Plaintiffs in order to gain their confidence and falsely ensure the quality and fitness of Avandia.

108.    Defendants were or should have been in possession of evidence demonstrating that their product caused serious side effects. Nevertheless, they continued to market Avandia and represent falsely in their documents that Avandia was safe and did not present any health risks.

109.    Defendants knew or should have known that the public, including the Plaintiffs would rely on the information that was being distributed.

110.    Plaintiffs did in fact rely on and believe Defendants' representations to be true and relied upon the representations, and were induced to purchase and use Avandia. Plaintiffs did not discover the true facts with respect to the dangerous and serious side effects or the false representations that were made by Defendants, nor could the Plaintiffs have discovered the true facts with reasonable diligence.

111.    Had the Plaintiffs known of the true facts with respect to the dangerous and serious health risks of Avandia, Plaintiffs would not have purchased or used Avandia nor would they have relied on Defendants' false representations.

112.    Plaintiffs are entitled to punitive damages because the failure of the Defendants to warn was reckless and without regard for the public's safety and welfare. Defendants misled both the medical community and the general public, including the Plaintiffs, through false representations about the safety of Avandia.

113.    The Defendants' actions, as described above, were performed willfully, intentionally, and with reckless disregard for the rights of Plaintiffs and the public.

114.    Accordingly, Plaintiffs seek and are entitled to compensatory and punitive damages in an amount to be determined at trial.

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as set

19

COMPLAINT FOR DAMAGES

forth herein below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as follows for:

1. Costs of suit incurred herein;

2. Special damages according to proof;

3. General damages according to proof;

4. Medical Expenses, past and future, according to proof;

5. For such other and further relief as the Court deems just.

DATED: April 15, 2008                    KHORRAMI POLLARD & ABIR

By: _____
SHAWN KHORRAMI, ESQ.
Attorney for Plaintiffs

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury in this action .

DATED: April 15, 2008                    KHORRAMI POLLARD & ABIR

By: _____
SHAWN KHORRAMI, ESQ.
Attorney for Plaintiffs

20

COMPLAINT FOR DAMAGES

# EXHIBIT

# B

ALAN J. LAZARUS (State Bar No. 129767)
KRISTA L. COSNER (State Bar No. 213338)
DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, California 94105
Telephone: (415) 591-7500
Facsimile: (415) 591-7510

Attorneys for Defendant
SMITHKLINE BEECHAM CORPORATION dba
GLAXOSMITHKLINE

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

APR 18 2008

John A. Clarke, Executive Officer/Clerk
BY RUGENA LOPEZ, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

DEBORAH WILLIAMS, an individual; LEO PALLANCK, an individual; JOHN BRIGHT, an individual; LINDA BURGESS, an individual; GORDON T. COLE, an individual; EDWARD DELL, an individual; ELIZABETH HUERTA, an individual; SHIRLEY LOEFFLER, an individual; TERRY BEASLEY, an individual; RHONDA ROBINSON, an individual; ROY WADE SCOTT, an individual; PAULA SPECK an individual; CHRISTINA STEARLE, an individual; RAYMOND THOMAS, an individual; JOHNNIE TOMES, an individual; FRANK TREVINO, an individual; JULIUS TUCK, an individual; SONDRA VAUGHAN, an individual; LYNN WHITE, an individual; ROMAN WHITMORE, an individual; JULIE AUSTIN, an individual;

Plaintiffs,

v.

GLAXOSMITHKLINE, a corporation, SMITHKLINE BEECHAM CORPORATION, McKESSON CORPORATION, a corporation; and DOES 1 through 100, inclusive,

Defendants.

Case No. BC 389299

ANSWER TO COMPLAINT BY DEFENDANT SMITHKLINE BEECHAM CORPORATION dba GLAXOSMITHKLINE

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SFI\398730\1

## INTRODUCTION

Defendant SMITHKLINE BEECHAM CORPORATION dba GLAXOSMITHKLINE ("GSK") (erroneously sued as GlaxoSmithKline Corporation and SmithKline Beecham Corporation) by and through counsel, hereby responds to the allegations set forth by Plaintiffs ("Plaintiffs") in their Complaint for Damages (the "Complaint") as follows:

## GENERAL DENIAL

By virtue of the provisions of California Code of Civil Procedure §431.30, Defendant generally denies each and every allegation in the unverified Complaint that relates to or is directed to Defendant or any of its alleged agents, servants or employees. Defendant further denies that Plaintiffs have been damaged to any extent or amount or is entitled to any relief whatsoever from Defendant.

Defendant additionally denies that there is any law, fact, theory or contractual or legal relationship under which Plaintiffs are entitled to damages in any amount by this answering Defendant.

Defendant further alleges the following affirmative defenses to Plaintiffs' Complaint:

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

#### (Improper Venue)

Venue is improper.

### SECOND AFFIRMATIVE DEFENSE

#### (Insufficiency of Process and Insufficiency of Service of Process)

Process and service of process are insufficient under California law.

### THIRD AFFIRMATIVE DEFENSE

#### (Failure to State a Claim)

Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

///

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SF1\398730\1

2

ANSWER TO COMPLAINT BY DEFENDANT GSK.

## FOURTH AFFIRMATIVE DEFENSE

### (Preemption/Primary Jurisdiction)

Plaintiffs' claims are barred and/or this Court should defer this matter, in whole or in part, pursuant to the doctrine of primary jurisdiction, in that the FDA is charged under the law with regulating prescription drugs, including Avandia®, and is specifically charged with determining the content of the warnings and labeling for prescription drugs. The granting of the relief prayed for in the Plaintiffs' Complaint would impede, impair, frustrate or burden the effectiveness of such federal law and would violate the Supremacy Clause (Art. VI, cl. 2) of the United States Constitution.

## FIFTH AFFIRMATIVE DEFENSE

### (Statute of Limitations/Repose)

Discovery may show that Plaintiffs' claims are barred, in whole or in part, by applicable statutes of limitations, statutes of repose, the doctrine of laches and/or as a result of the failure to allege and/or comply with conditions precedent to applicable periods of limitations and repose.

## SIXTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

Plaintiffs knowingly and voluntarily assumed any and all risks as to matters alleged in the Complaint, and such assumption of the risk bars in whole or in part the damages Plaintiffs seek to recover herein.

## SEVENTH AFFIRMATIVE DEFENSE

### (Contributory/Comparative Negligence)

At all times mentioned herein, Plaintiffs were negligent, careless, and at fault and conducted themselves so as to contribute substantially to any alleged risk of injuries and damages. Said negligence, carelessness and fault of Plaintiffs bars in whole or in part the damages which Plaintiffs seek to recover herein.

///

///

## EIGHTH AFFIRMATIVE DEFENSE

### (Equitable Defenses)

Plaintiffs' claims are barred by the doctrine of laches, estoppel, waiver, unclean hands and/or failure to preserve evidence.

## NINTH AFFIRMATIVE DEFENSE

### (Improper Party Defendant)

McKesson is not a proper party defendant to this action. McKesson was not involved with Avandia®, a product of GSK.

## TENTH AFFIRMATIVE DEFENSE

### (Improper Plaintiffs)

This Complaint improperly joins multiple plaintiffs.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Intervening, Superseding Cause)

The damages allegedly sustained by Plaintiffs, if any, were not legally caused by Defendant, but instead were legally caused by intervening and superseding causes or circumstances.

## TWELFTH AFFIRMATIVE DEFENSE

### (Pre-existing Condition or Idiosyncratic Reaction)

The risk of injuries, if any, resulted from a pre-existing and/or related medical condition and/or idiosyncratic reaction and not from any act or omission by or on behalf of Defendant.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Fault of Others)

Plaintiffs' alleged injuries, losses, or damages, if any, were caused by the actions negligence, carelessness, fault, strict liability, or omissions of third parties for which Defendant has no control or responsibility.

///

///

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SFI\398730\1

4

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Learned Intermediary)

Plaintiffs' claims are barred in whole or in part by the learned-intermediary doctrine.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Compliance with FDA Regulations)

At all times relevant, the product was in accordance with and pursuant to all applicable statutes and regulations, including those of the Food and Drug Administration.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Immunity for Prescription Drugs and Medical Devices)

The Complaint and each cause of action thereof are barred by the doctrine of immunity for prescription drugs and medical devices, by the Commerce Clause, Article I, Section 8, of the Constitution of the United States as an undue burden upon interstate commerce and/or by the preemption doctrine in that Plaintiffs have asserted claims for relief which, if granted, would constitute an impermissible burden by this court on federal laws, regulations and policy relating to the development and marketing of prescription drugs and medical devices in violation of the Supremacy Clause, Article IV, Clause 2 of the Constitution of the United States.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Restatements of Torts)

Defendant affirmatively pleads the application of the Restatement (Second) of Torts: Products Liability § 402A and comments thereto, and/or the Restatement (Third) of Torts: Products Liability §§ 2, 4 and 6 and comments thereto. Adequate warnings and complete warnings were provided to Plaintiffs' prescribing physician, and therefore, the product was not defective or unreasonably dangerous.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (State of the Art)

At all times material hereto, Defendant's conduct and GSK's product, Avandia®,

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

conformed to the state of the art.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Limitations on Punitive Damages)

With respect to Plaintiffs' demand for punitive or exemplary damages, Defendant specifically incorporates by reference all standards of limitations regarding the determination and enforceability of punitive damages awards, including but not limited to, those standards of limitation which arose in *BMW of North America v. Gore*, 517 U.S. 559 (1996), *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001), and *State Farm Mutual Automobile Ins. Co. v. Campbell*, 538 U.S. 408 (2003), and *Philip Morris USA v. Williams*, 127 S.Ct. 1057 (2007).

## TWENTIETH AFFIRMATIVE DEFENSE

### (Punitive and Exemplary Damages Not Proper)

Plaintiffs' claim for punitive damages violates, and it is therefore barred by, the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the Constitution of the United States of America on grounds including the following:

a.    it is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the Plaintiffs satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

b.    the procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes upon the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution;

c.    the procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution;

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SF1\398730\1

6

d.    the procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution;

e.    the procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts, and thus violate the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution;

f.    the procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes upon the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution;

g.    the procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment to the United States Constitution;

h.    the award of punitive damages to Plaintiffs in this action would constitute a deprivation of property without due process of law; and

i.    the procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine and penalty.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (No Failure to Warn)

Defendant at all times discharged any duty to warn through appropriate and adequate warnings in accordance with federal statutes and regulations and with the then-existing states of medical and scientific knowledge.

///

///

///

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SFI\398730\1

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Failure to Plead Fraud with Particularity)

Plaintiffs have failed to plead a cause of action for fraud as they have not set forth allegations of fraud with the requisite particularity.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Product Safety)

At all times relevant, Avandia® was not unreasonably dangerous or defective.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Failure to Join Necessary Party)

Complete relief cannot be accorded among those already parties and, in the alternative, the disposition of this action without the presence of additional, unnamed persons may result in Defendant being subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Set Off)

Defendant pleads as a set off any monies received by Plaintiffs for injuries or damages attributed to the subject incident, including, but not limited to, any insurance proceeds.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Lack of Causation)

Defendant asserts that its conduct did not cause, proximately cause, solely cause, or solely proximately cause the injuries and/or damages alleged by Plaintiffs.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Good Faith)

Defendant's acts were at all times done in good faith and without malice, with respect to each and every purported cause of action in Plaintiffs' Complaint.

///

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Unintentional Acts)

Any alleged act or omission by Defendant concerning the manufacture, distribution, marketing, and/or sale of Avandia® and/or any other conduct in relation thereto was at all times unintentional and resulted from a bona fide error notwithstanding the use of reasonable procedures adopted to avoid any such error, and Defendant made an appropriate correction, repair, replacement, or remedy to the goods once notified of the error.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Conformity with Medical Knowledge)

With respect to each and every purported cause of action in Plaintiffs' Complaint, Defendant alleges that the methods, standards, and techniques in the preparation of GSK's product, Avandia®, were and are in conformity with the generally recognized state of medical knowledge, common and accepted procedure in the medical field, and state of the art at the time of their preparation.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Equitable Indemnity)

In the event Defendant is held liable to Plaintiffs, which liability is expressly denied, and any other entity is also found liable, Defendant is entitled to a percentage contribution of the total liability from said entity in accordance with principles of equitable indemnity and comparative contribution.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Proposition 51)

The liability of Defendant, if any, for Plaintiffs' non-economic loss must be apportioned in accordance with the provisions of California Civil Code § 1431.2 ("Proposition 51").

///

///

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SF1\398730\1

ANSWER TO COMPLAINT BY DEFENDANT GSK

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Plaintiffs' damages, if any, are barred in whole or in part by Plaintiffs' failure to mitigate such damages.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (No Notice of Breach of Warranty)

Plaintiffs failed to give notice of any alleged breach of warranty.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Disclaimer of Warranty)

Defendant alleges that any and all warranties that may form a basis for Plaintiffs' claims for relief were adequately disclaimed as stated by Defendant.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (No Reliance on Warranties)

Defendant denies that Plaintiffs relied on any warranties alleged in the Complaint.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (Unavoidable Circumstances)

The alleged injuries and/or damages of Plaintiffs, if any, were the result of unavoidable circumstances that could not have been prevented by anyone.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (Misuse)

If Plaintiffs sustained injuries or risk of injuries in this action, which allegations are expressly denied, the injuries or risk of injuries were solely caused by and attributable to the unintended, unreasonable, and improper use which Plaintiffs made of the product.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (No Strict Liability for Prescription Drugs)

The strict liability causes of action of Plaintiffs' Complaint are subject to the limitations placed upon the doctrine of strict product liability for a purported design defect as set forth in *Brown v. Superior Court*, 44 Cal. 3d. 1049 (1988) and its progeny.

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SF1\39873\1

### THIRTY-NINTH AFFIRMATIVE DEFENSE

#### (*Buckman v. Plaintiffs' Legal Community*)

To the extent Plaintiffs' claims are based on alleged misrepresentations or omissions made to the FDA, such claims are barred pursuant to *Buckman v. Plaintiffs' Legal Community*, 531 U.S. 341 (2001).

### FORTIETH AFFIRMATIVE DEFENSE

#### (Standing)

Plaintiffs lack standing to bring some or all of the claims alleged in the Complaint.

### FORTY-FIRST AFFIRMATIVE DEFENSE

#### (Choice of Law)

(a)   Plaintiffs' claims are not governed by the laws of the State of California.

(b)   Defendant is entitled to the benefit of all defenses and presumptions contained in, or arising from, any rule of law or statute of any other state whose substantive law might control the action.

### FORTY-SECOND AFFIRMATIVE DEFENSE

#### (Other Defenses)

Defendant hereby gives notice that it intends to rely upon any other affirmative defenses pled by any other defendant and not pled by itself in this action to the extent they do not conflict with Defendant's own affirmative defenses. Defendant reserves its right to amend its Answer to assert any additional defenses and matters in avoidance that may be disclosed during the course of additional investigation and discovery.

### JURY DEMAND

Defendant requests a trial by jury of this matter.

///
///
///
///
///

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SFI\398730\1

11

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays:

1.    That the Complaint be dismissed with prejudice as to the answering Defendant and that judgment be entered in its favor;

2.    For costs of suit incurred herein;

3.    And for such other relief as the Court may deem just and appropriate.

Dated: April 18, 2008

DRINKER BIDDLE & REATH LLP

ALAN J. LAZARUS
KRISTA L. COSNER

Attorneys for Defendant
SMITHKLINE BEECHAM
CORPORATION dba
GLAXOSMITHKLINE

## PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA      )
                          )  ss.:
COUNTY OF LOS ANGELES    )

*Deborah Williams, et al. v. GlaxoSmithKline, et al.*

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 333 South Grand Avenue, Suite 1700, Los Angeles, CA 90071-1504.

On April 18, 2008, I served on interested parties in said action the within:

### ANSWER TO COMPLAINT BY DEFENDANT SMITHKLINE BEECHAM CORPORATION dba GLAXOSMITHKLINE

by placing a true copy thereof in sealed envelope(s) addressed as stated on the attached service list.

I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

Executed on April 18, 2008, at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| Elizabeth Woodfork | |
| --- | --- |
| (Type or print name) | (Signature) |

LAW OFFICES
DRINKER BIDDLE &
REATH LLP
Los Angeles

LA1\106714\1

**SERVICE LIST**

*Deborah Williams, et al. v. GlaxoSmithKline, et al.*

Shawn Khorrami, Esq.
James Kenna, Esq.
Bahar Dejban, Esq.
LAW OFFICES OF SHAWN KHORRAMI
444 S. Flower St., 33rd Fl.
Los Angeles, CA 90071
skhorrami@khorrami.com

(213) 596-6000
(213) 596-6010 (fax)
skhorrami@khorrami.com
Attorneys for Plaintiffs

Brian S. Kabateck, Esq.
Richard L. Kellner, Esq.
KABATECK BROWN KELLNER LLP
644 South Figueroa Street
Los Angeles, CA 90007
bsk@kbklawyers.com

(213) 217-5000
(213) 217-5010 (fax)
Attorneys for Plaintiffs

LAW OFFICES
DRINKER BIDDLE &
REATH LLP
Los Angeles

LA1\106714\1

# EXHIBIT C

ALAN J. LAZARUS (State Bar No. 129767)
KRISTA L. COSNER (State Bar No. 213338)
DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, California 94105
Telephone: (415) 591-7500
Facsimile: (415) 591-7510
Alan.Lazarus@dbr.com
Krista.Cosner@dbr.com

Attorneys for Defendant
SMITHKLINE BEECHAM CORPORATION dba
GLAXOSMITHKLINE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

DEBORAH WILLIAMS, an individual; LEO PALLANCK, an individual; JOHN BRIGHT, an individual; LINDA BURGESS, an individual; GORDON T. COLE, an individual; EDWARD DELL, an individual; ELIZABETH HUERTA, an individual; SHIRLEY LOEFFLER, an individual; TERRY BEASLEY, an individual; RHONDA ROBINSON, an individual; ROY WADE SCOTT, an individual; PAULA SPECK an individual; CHRISTINA STEARLE, an individual; RAYMOND THOMAS, an individual; JOHNNIE TOMES, an individual; FRANK TREVINO, an individual; JULIUS TUCK, an individual; SONDRA VAUGHAN; an individual; LYNN WHITE, an individual; ROMAN WHITMORE, an individual; JULIE AUSTIN, an individual;

Plaintiffs,

v.

GLAXOSMITHKLINE, a corporation, SMITHKLINE BEECHAM CORPORATION, McKESSON CORPORATION, a corporation; and DOES 1 through 100, inclusive,

Defendants.

Case No.

DECLARATION OF KRISTA L. COSNER IN SUPPORT OF NOTICE OF REMOVAL AND REMOVAL, UNDER 28 U.S.C. § 1441(B) (DIVERSITY) and 28 U.S.C. § 1441(C) (FEDERAL QUESTION) OF DEFENDANT SMITHKLINE BEECHAM CORPORATION dba GLAXOSMITHKLINE

I, KRISTA L. COSNER, declare:

1.    I am an attorney admitted to practice before all courts of the State of

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SF1\398731\1

DECLARATION OF KRISTA L. COSNER IN SUPPORT OF NOTICE OF REMOVAL    CASE NO.

California and am an Associate with Drinker Biddle & Reath, LLP, attorneys for SMITHKLINE BEECHAM CORPORATION dba GLAXOSMITHKLINE ("GSK") ("Defendant") in this action. I make this Declaration based on my personal knowledge, in support of Defendant GSK's removal of Christa *Cross, et al. v. SmithKline Beecham Corporation d/b/a GlaxoSmithKline, et al.*, Los Angeles Superior Court, Case No. BC 387487, to this Court. I would and could competently testify to the matters stated in this Declaration if called as a witness.

2.    The Complaint and the Answer are the only state court pleadings known to Defendant to have been filed in this action.

3.    This is one of many cases that have been filed recently in both federal and state courts across the country involving the prescription drug Avandia.

4.    GSK intends to seek the transfer of this action to that Multidistrict Litigation, *In re Avandia Marketing, Sales Practices and Products Liability Litigation*, MDL 1871, and shortly will provide the JPML with notice of this action pursuant to the procedure for "tag along" actions set forth in the rules of the JPML.

5.    GSK is, and was at the time plaintiffs commenced this action, a corporation organized under the laws of the Commonwealth of Pennsylvania with its principal place of business in Philadelphia, Pennsylvania, and therefore is a citizen of Pennsylvania for purposes of determining diversity. GSK's US corporate headquarters are located in Philadelphia, with functional operations including marketing, communications, finance, information technology, human resources, sales administration, and other corporate functions. In addition, Pennsylvania is home to two of GSK's three large Research and Development facilities, GSK's Consumer Healthcare Offices, and one of its two Primary Supply Manufacturing facilities.

6.    GSK has not been served with the Complaint in this matter.

7.    I have been informed by a representative from McKesson that it has not been served with this matter.

///

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SF1\398731\1

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on this 18 day of April, 2008 in San Francisco, California.

/S/ *Krista L. Cosner*
KRISTA L. COSNER

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

3

SF1\3987311\1

DECLARATION OF KRISTA L. COSNER IN SUPPORT OF NOTICE OF REMOVAL                    CASE NO.

# EXHIBIT
# D

10/18/2007 16:21 FAX 2025022888 _____ JPML &#8203;002

**MDL 1871**

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

*7:23 am, Oct 16, 2007*

FILED
CLERK'S OFFICE

## UNITED STATES JUDICIAL PANEL
### on
## MULTIDISTRICT LITIGATION

IN RE: AVANDIA MARKETING, SALES PRACTICES
AND PRODUCTS LIABILITY LITIGATION
    Sharon Ann Dabon v. GlaxoSmithKline, Inc.,     )
        E.D. Louisiana, C.A. No. 2:07-3041     )        MDL No. 1871
    Celenio Cruz-Santana v. GlaxoSmithKline, PLC, et al.,   )
        D. Puerto Rico, C.A. No. 3:07-1461     )

### TRANSFER ORDER

Before the entire Panel[*]: Plaintiff in the action pending in the Eastern District of Louisiana, has moved, pursuant to 28 U.S.C. § 1407, to centralize this litigation in the District of Puerto Rico or, alternatively, in the Eastern District of Louisiana. This litigation currently consists of moving plaintiff's action and one action pending in the District of Puerto Rico.[1] Plaintiff in the latter action supports centralization in the District of Puerto Rico. Plaintiffs in potential tag-along actions pending in the Central District of California, the Southern District of Florida, the District of New Jersey, the Southern District of New York, and the District of Puerto Rico have submitted responses in support of centralization. These plaintiffs suggest a variety of fora for transferee district, including the Southern District of Florida (favored by plaintiffs in the action pending in that district), the District of New Jersey (favored by plaintiff in the action pending in that district, as well as plaintiff in the Central District of California action), the Southern District of New York (favored by plaintiffs in eight actions pending in that district), and the District of Puerto Rico (favored by plaintiffs in the action pending in that district). Responding defendant SmithKlineBeecham Corp. d/b/a GlaxoSmithKline (GSK) initially opposed the Section 1407 motion, but now supports centralization in the Eastern District of Pennsylvania.

---

    [*]   Judge Heyburn took no part in the disposition of this matter.

    [1]   The Panel has been notified of 28 additional related actions pending in the Western District of Arkansas, the Central District of California (two actions), the Southern District of Florida (two actions), the Southern District of Illinois, the Southern District of Indiana, the Eastern District of Louisiana, the District of New Jersey, the Eastern District of New York, the Southern District of New York (ten actions), the Northern District of Ohio, the Eastern District of Oklahoma, the Eastern District of Pennsylvania, the District of Puerto Rico, the Eastern District of Tennessee, the Western District of Tennessee, and the Eastern District of Texas (two actions). These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

## OFFICIAL FILE COPY

IMAGED OCT 16 2007

-2-

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization under Section 1407 in the Eastern District of Pennsylvania will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Both actions arise from allegations that certain diabetes drugs manufactured by GSK – Avandia and/or two sister drugs containing Avandia (Avandamet and Avandaryl) – cause an increased risk of heart attack and other physical injury, and that GSK failed to provide adequate warnings concerning that risk. Centralization under Section 1407 will eliminate duplicative discovery, avoid inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

We are also persuaded that the Eastern District of Pennsylvania is an appropriate transferee district for pretrial proceedings in this litigation. GSK's principal place of business is located in that district, and thus many witnesses and documents relevant to the litigation are likely to be found there. In addition, one of the potential tag-along actions was commenced in the Eastern District of Pennsylvania.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the two actions are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Cynthia M. Rufe for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

D. Lowell Jensen
Acting Chairman

John G. Heyburn II, Chairman*     J. Frederick Motz
Robert L. Miller, Jr.             Kathryn H. Vratil
David R. Hansen                   Anthony J. Scirica

# EXHIBIT
# E

DONALD F. ZIMMER, JR. (State Bar No. 112279)
KRISTA L. COSNER (State Bar No. 213338)
DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, California 94105
Telephone: (415) 591-7500
Facsimile: (415) 591-7510

Attorneys for Defendants
SMITHKLINE BEECHAM CORPORATION dba
GLAXOSMITHKLINE and McKESSON
CORPORATION

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| F.C. MITCHELL and MITSUKO MITCHELL, husband and wife; MARY RYON and JAMES RYON, wife and husband; CARL HOUSTON and ALICE HOUSTON, husband and wife; JOSEPH WOODS, SR. and BILLIE WOODS, husband and wife; DONALD WINTERS and KELLEY WINTERS, husband and wife; RAY STOCK, as surviving statutory beneficiary for the wrongful death of JOLENE STOCK; WILMA POLLARD, as surviving statutory beneficiary for the wrongful death of KENNETH POLLARD,<br><br>Plaintiffs,<br><br>v.<br><br>GLAXOSMITHKLINE, a Pennsylvania corporation; MCKESSON CORPORATION, a California Corporation; and DOES 1-50,<br><br>Defendants. | Case No.<br><br>**DECLARATION OF GREG YONKO IN SUPPORT OF NOTICE OF REMOVAL AND REMOVAL ACTION, UNDER 28 U.S.C. § 1441(B) (DIVERSITY) and 28 U.S.C. § 1441(C) (FEDERAL QUESTION) OF DEFENDANT SMITHKLINE BEECHAM CORPORATION dba GLAXOSMITHKLINE** |

I, GREG YONKO, declare:

1.    I am Senior Vice President - Purchasing for McKesson Corporation ("McKesson"), and make this declaration in support of the Notice of Removal and Removal Action of defendant SmithKline Beecham Corporation dba GlaxoSmithKline

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SF1\39544ZA1

DECLARATION OF GREG YONKO IN SUPPORT OF REMOVAL                                    CASE NO.

("GSK") based on my personal knowledge.

2. I have been in my current position since 1997, and have been employed by McKesson for over 25 years. As Vice President of Purchasing, I am responsible for purchasing prescription and non-prescription branded product management and investment purchasing.

3. McKesson was and is a Delaware corporation, with its principal place of business in San Francisco, California.

4. McKesson was served with the Summons and Complaint in this action on February 11, 2008.

5. McKesson consents to the removal of this action.

6. McKesson is a wholesale distributor of pharmaceuticals, over-the-counter and health and beauty products to chains, independent pharmacy customers and hospitals. As a wholesale distributor, McKesson distributes products manufactured by others. As to Avandia®, McKesson does not manufacture, produce, process, test, encapsulate, label, or package, these products, nor does it make any representations or warranties as to the product's safety or efficacy.

7. McKesson distributed Avandia®, manufactured by GSK, along with many other products of other pharmaceutical companies, to certain drug stores, pharmacies, health care facilities and hospitals throughout the United States. As stated above, McKesson did not manufacture, produce, process, test, encapsulate, label, or package Avandia®, but only delivered the unopened boxes that contained the drug.

8. McKesson is one of many suppliers who could have supplied Avandia® to the numerous pharmacies throughout the United States.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and this declaration was executed on March 5, 2008 in San Francisco, California.

GREG YONKO

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge R. Gary Klausner and the assigned discovery Magistrate Judge is Rosalyn M. Chapman.

The case number on all documents filed with the Court should read as follows:

## CV08- 2596 RGK (RCx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

========================================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)       NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
DEBORAH WILLIAMS, et al.

**DEFENDANTS**
GLAXOSMITHKLINE, a corporation, SMITHKLINE BEECHAM CORPORATION, a corporation; MCKESSON, a corporation et al.

**(b)** County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases):
LOS ANGELES

County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only):
Pennsylvania

**(c)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Shawn Khorrami
James Kenna
LAW OFFICES OF SHAWN KHORRAMI
444 South Flower Street, 33rd Floor
Los Angeles, CA 90071
TELEPHONE (213) 596-6000

Attorneys (If Known)
Alan J. Lazarus, Esq.
Krista L. Cosner, Esq.
Drinker Biddle & Reath
50 Fremont Street, 20th Floor
San Francisco, CA 94105

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☐ **MONEY DEMANDED IN COMPLAINT: $** 0.00   In excess of jurisdictional amount

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. Section 1332

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY | TORTS — PERSONAL INJURY | TORTS — PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act | |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | |
| ☐ 450 Commerce/ICC Rates/etc | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litig. | |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act | |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE/PENALTY | PROPERTY RIGHTS | |
| ☐ 490 Cable/Sat TV | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights | |
| ☐ 810 Selective Service | ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent | |
| ☐ 850 Securities/Commodities/Exchange | ☐ 190 Other Contract | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark | |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 195 Contract Product Liability | ☒ 365 Personal Injury-Product Liability | ☐ 443 Housing/Accommodations | | SOCIAL SECURITY | |
| ☐ 890 Other Statutory Actions | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) | |
| ☐ 891 Agricultural Act | REAL PROPERTY | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) | |
| ☐ 892 Economic Stabilization Act | ☐ 210 Land Condemnation | | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) | |
| ☐ 893 Environmental Matters | ☐ 220 Foreclosure | | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety/Health | ☐ 864 SSID Title XVI | |
| ☐ 894 Energy Allocation Act | ☐ 230 Rent Lease & Ejectment | | | ☐ 690 Other | ☐ 865 RSI (405(g)) | |
| ☐ 895 Freedom of Info. Act | ☐ 240 Torts to Land | | | | FEDERAL TAX SUITS | |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | ☐ 871 IRS - Third Party 26 USC 7609 | |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s):

**FOR OFFICE USE ONLY:** Case Number: _____

CV-71 (07/05)

CIVIL COVER SHEET

Page 1 of 2
CCD-JS44

CV08-02596

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

VIII(b). RELATED CASES: Have any cases been previously filed that are related to the present case?    ☐ No  ☒ Yes

If yes, list case number(s): See Attachment "A"

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply) ☒ A. Arise from the same or closely related transactions, happenings, or events; or

☒ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☒ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. VENUE: List the California County, or State if other than California, in which EACH named plaintiff resides (Use an additional sheet if necessary)

☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.

See Attachment "B"

List the California County, or State if other than California, in which EACH named defendant resides.  (Use an additional sheet if necessary).

☐ Check here if the U.S. government, its agencies or employees is a named defendant.

SmithKline Beecham dba GlaxoSmithKline is a Pennsylvania corporation with its principle place of business in Philadelphia, Pennsylvania. McKesson Corporation is a Delaware Corporation with its principle place of business in SanFrancisco, CA

List the California County, or State if other than California, in which EACH claim arose.   (Use an additional sheet if necessary)

Note: In land condemnation cases, use the location of the tract of land involved.

Please see Attachment "B"

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____    Date 4/18/08

Krista L. Cosner

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

## ATTACHMENT "A"

VIII(b)  RELATED CASES:

*Leslie Boone v. GlaxoSmithKline, et al.* Case Number:  CV-07-07699 SGL
*Christa Cross, et al. v. GlaxoSmithKline, et al.,* Case No. CV-08-01965 SGL
*William Dawson  v.  GlaxoSmithKline, et al.,* Case No. CV-07-07839 SGL
*Janet Johnson v. GlaxoSmithKline, et al.* Case Number:  CV-08-00036 SGL
*Fred D. Parker v. GlaxoSmithKline, et al.,* Case Number:  CV-07-1580 SGL
*Alicia Rodriguez v. GlaxoSmithKline, et al.,* Case Number:  CV-07-06149 SGL
*James Roland v. GlaxoSmithKline, et al.,* Case Number:  CV-07-1109 SGL
*James Stepp  v.  GlaxoSmithKline,* et al., Case No. CV-07-02161 SGL
*Karen Weinerman v. GlaxoSmithKline, et al.* Case Number:  CV-07-07838 SGL

397528

## ATTACHMENT "B"

IX. VENUE:

Plaintiff Deborah Williams is a resident of the State of California.

Plaintiff Leo Pallanck is a resident of the State of California.

Plaintiff John Bright is a resident of the State of Colorado.

Plaintiff Linda Burgess is a resident of the State of Arizona.

Plaintiff Gordon T. Cole is a resident of the State of Wisconsin.

Plaintiff Edward Dell is a resident of the State of New Hampshire.

Plaintiff Elizabeth Huerta is a resident of the State of Nevada.

Plaintiff Shirley Loeffler is a resident of the State of Minnesota.

Plaintiff Terry Beasley is a resident of the State of Texas.

Plaintiff Rhonda Robinson is a resident of the State of Kansas.

Plaintiff Roy Wade Scott is a resident of the State of Tennessee.

Plaintiff Paula Speck is a resident of the State of Ohio.

Plaintiff Christina Stearle is a resident of the State of Michigan.

Plaintiff Raymond Thomas is a resident of the State of Texas.

Plaintiff Johnnie Tomes is a resident of the State of Kentucky.

Plaintiff Frank Trevino is a resident of the State of Texas.

Plaintiff Julius Tuck is a resident of the State of Alabama.

Plaintiff Sondra Vaughan is a resident of the State of Missouri.

Plaintiff Lynn White is a resident of the State of Missouri.

Plaintiff Roman Whitmore is a resident of the State of New York.

Plaintiff Julie Austin is a resident of the State of Michigan.

SF\1397534\1397528